**FILED**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

APR - 8 2009

EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

In re:  )
)
)                                    Case No. 07 B 06273
MARY ANN KACZMAREK,  )
)
)
)                                    Chapter 7
Debtor.  )
)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO FRANCES GECKER, ATTORNEYS FOR THE CHAPTER 7 TRUSTEE, FOR ALLOWANCE AND PAYMENT OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $11,490.00 | TOTAL COSTS REQUESTED: | $84.50 |
| TOTAL FEES REDUCED: | $471.00 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $11,019.00 | TOTAL COSTS ALLOWED: | $84.50 |

**TOTAL FEES AND COSTS ALLOWED: $11,103.50**

THE COURT HAS MARKED THE ATTACHED TIME AND EXPENSE ENTRIES THAT HAVE BEEN DISALLOWED IN WHOLE OR IN PART. THE BASIS FOR EACH DISALLOWANCE IS DISCLOSED BY THE NUMERICAL NOTATION THAT APPEARS ON THE LEFT SIDE OF EACH HWIGHLIGHTED ENTRY. THE NUMERICAL NOTATIONS REFER TO THE ENUMERATED PARAGRAPHS BELOW.

(1)     **Unreasonable Time**
The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone*, 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman*, 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman*, 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

Dated: April 8, 2009

Eugene R. Wedoff
United States Bankruptcy Judge

1

In connection with the foregoing services, Baldi & Associates spent 3.7 hours for which it requests allowance and payment of interim compensation in the amount of $1,150.00.

9.5 Fee Application: During the period covered by this Application, Baldi & Associates prepared this fee application.

In connection with the foregoing services, Baldi & Associates spent 3.5 hours for which it requests allowance and payment of interim compensation in the amount of $1,050.00.

[handwritten annotation: #1 capped @ $579. deduct $471.00]

### Compensation Requested

10. Baldi & Associates has spent a total of 37.4 hours for the services described and categorized in paragraph nine above from June 11, 2007 through January 26, 2009. The total value of those services and the amount of compensation requested therefor is $11,490.00. A summary of the number of hours spent and the dollar value of the services rendered in each category is attached hereto as Exhibit D.

11. Baldi & Associates has incurred $84.50 of expenses in connection with its representation of Trustee in this case. The expenses were incurred to record the Notice and Release with the Cook County Recorder of Deeds. The expenses incurred through January 26, 2008 have been recorded and allocated to the specific categories outlined herein and are set forth in detail on the billing statements attached hereto in Exhibit C.

12. All of the services performed by Baldi & Associates were required for proper representation of the Trustee in this case, were authorized by this Court and were performed by Baldi & Associates at the request and direction of the Trustee. Pursuant to sections 330 and 331 of the Code and the generally applicable criteria with respect to the nature, extent and value of the services performed, all of Baldi & Associates' services are compensable and the compensation requested is fair and reasonable. There has been no duplication of services rendered to the Trustee by Baldi & Associates for which compensation is requested.